IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:19-cv-00151 |
| 1.81 ACRES OF LAND OWNED BY ROBERT M. JONES, et al., | ) By: Elizabeth K. Dillon<br>) United States District Judge |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mountain Valley Pipeline (MVP) is constructing an interstate natural gas pipeline. It commenced a condemnation action under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to acquire a permanent easement and temporary easements on numerous properties, including this property located in Montgomery County, Virginia, and owned by Robert and Donna Jones (collectively, Landowners). On March 8, 2018, the court entered an order in the primary condemnation case, *Mountain Valley Pipeline LLC v. Easements to Construct*, 7:17-cv-492 (W.D. Va.) (Dkt. No. 716), granting MVP immediate possession of the easements on this property. A trial on just compensation for the takings on the Jones's property is scheduled to begin on August 28, 2019.

Various pretrial motions are pending before the court. MVP moves to exclude evidence of damage to the three lower tracts on Landowners' property, evidence of the value of timber, and evidence of paired sales involving conditions other than a gas pipeline. Landowners move for leave to "open and close" and sit at counsel table closest to the jury. These matters have been fully briefed and were argued at a hearing. At the hearing, the court indicated its intent to grant

MVP's motion to exclude evidence of the value of timber, but it took the other two aspects of MVP's motion under advisement. Also at the hearing, the parties reached an agreement regarding the order of presenting evidence to the jury and seating arrangements in the courtroom, so the court will dismiss that motion as moot.

For the reasons set forth below, the court will deny MVP's motion to exclude evidence of damage to other tracts, grant MVP's motion to exclude evidence of the value of timber, and deny MVP's motion to exclude evidence of paired sales involving conditions other than a gas pipeline.

I. DISCUSSION

**A. Damage to Other Tracts: Unity of Use**

Landowners own five separate tracts—two upper tracts and three lower tracts. MVP is taking an easement over the two upper tracts, where the Jones house is located, not the three lower tracts.

MVP argues, and the court agrees, that this is an issue for the court to decide before submission to the jury to determine just compensation. Fed. R. Civ. P. 71.1(h)(1). The Supreme Court has held that "the Rule's basic structure makes clear that a jury in federal condemnation proceedings is to be confined to the performance of a single narrow but important function—the determination of a compensation award within ground rules established by the trial judge." *United States v. Reynolds*, 397 U.S. 14, 20 (1970); *see also United States v. 33.92356 Acres of Land*, 585 F.3d 1, 10 (1st Cir. 2009) (stating that "unity of use is an issue for the court to decide") (citing *Reynolds*, 397 U.S. at 19–21); *Washington Metro. Area Transit Auth. v. One Parcel of Land*, 691 F.2d 702, 705 n.2 (4th Cir. 1982) (discussing *Reynolds*); *United States v. 105.40 Acres in Porter Cnty., State of Ind.*, 471 F.2d 207, 212 (7th Cir. 1972) ("We hold that under *Reynolds*, *supra*, the district judge should—upon proper consideration of evidence—

decide the factual question whether the condemned parcels here were an integral part of the 1939 acres, or were functionally separate parcels. The judge should then instruct the jury on the issue of just compensation, consistent with his preliminary factual determination.").

Neither "non-contiguousness" nor "non-use" is fatal to a theory combining separate tracts. *See Porter Cnty.*, 471 F.2d at 211. Instead, the "relevant question . . . [is] whether in the 'reasonably near future' there was a 'reasonable probability' of the lands in question being put to their 'highest and best use' in combination with the main tract so as to affect their market value." *Id.* (quoting *United States v. Powelson*, 319 U.S. 266, 275–76); *see also United States v. Certain Land Situated in the City of Detroit*, 188 F. Supp. 2d 747, 757 (E.D. Mich. 2002) (the "reasonable probability of condemned property being combined with other tracts in the reasonably near future for some unitary use is also the standard applicable for determining whether such a unitary use may be considered the 'highest and best use' of the condemned property"). At trial, the court "will determine whether the land owner has produced credible evidence that a potential use is reasonably practicable and reasonably probable in the near future. If such credible evidence is produced, the jury will then decide whether the property's suitability for this use enhances its market value, and if so, by how much." *City of Detroit*, 188 F. Supp. 2d at 758. In other words, the jury will determine only the amount of just compensation. The trial court must "screen the proffered potential uses and exclude from jury consideration those which have not been demonstrated to be practicable and reasonably probable uses." *United States v. 320.0 Acres, Cnty. of Monroe, Fla.*, 605 F.2d 762, 815 (5th Cir. 1979).

MVP cites to evidence in support of its contention that there is no unity of use between the upper and lower tracts. Because this was a pretrial motion in limine, however, and not a motion for summary judgment, the Landowners had no duty to come forward with evidence

3

pertaining to unity of use in response to MVP's motion. The court will hear testimony from the parties' appraisers at trial, make a ruling on unity of use, and instruct the jury accordingly. Therefore, MVP's motion to exclude evidence of damage to other tracts is DENIED without prejudice to the issue being addressed at trial.

**B. Value of Timber**

Landowners seek to introduce the value of timber inside the right of way that was cleared after the date of the taking. It is "well settled that in the event of a 'partial taking'—i.e., a case in which the Government has taken one part of a larger tract, leaving the remainder to the landowner—the measure of just compensation is the difference between the fair and reasonable market value of the land immediately before the taking and the fair and reasonable market value of the portion that remains after the taking." *United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 478 (4th Cir. 1995). The property taken "should be evaluated as a whole; it is not proper to evaluate the property by appraising it for several different uses (e.g., for use as a horse farm and as a sod farm) and by adding the separate 'values' together to arrive at market value." *United States v. Carroll*, 304 F.2d 300, 306 (4th Cir. 1962).

As the court indicated at the hearing, this motion will granted. Evidence about the value of timber could be admissible if it was being used to evaluate the fair market value of the land, as in the cases cited by Landowners. *See, e.g.*, *United States v. 5139.5 Acres of Land*, 200 F.2d 659, 661 (4th Cir. 1952) ("There was evidence that the swamp land had little value apart from the hardwood timber standing thereon and there was a sharp conflict between the expert witnesses as to the value of the timber. Sales of the timber shortly before the condemnation by and to parties to the proceeding certainly tended to establish its value and should have been admitted for that purpose."); *Cade v. United States*, 213 F.2d 138, 140 (4th Cir. 1954) ("This is

not a case where there was danger of misleading the jury by giving different values to the entire land for various uses and adding these together, nor is it a case where there was attempt to arrive at value by adding together various elements of value without considering them together."). But this is not such a case. Here, instead, Landowners' expert determined the before and after value of the property and then added the timber as a separate item of damages.

The evidence of timber value should therefore be excluded because it is not related to the before and after value of the land. MVP's motion to exclude evidence of the value of timber is GRANTED.

**C. Paired Sales**

In a paired sales analysis, "the appraiser identifies pairs of sales that are as similar as possible for all but one factor. When the sales are compared, the difference in price is best explained by that particular feature that distinguishes the properties." *McCann Holdings, Ltd. v. United States*, 111 Fed. Cl. 608, 626 (2013). "The goal of a paired sales analysis is to isolate the effect that a certain feature, such as a natural gas pipeline, has on a property's market value." *Sabal Trail Transmission, LLC v. 0.589 Acres of Land in Hamilton Cnty., Fla.*, Case No.: 3:16-cv-277-J-34JBT, 2018 WL 3655556, at *4 n.3 (M.D. Fla. Aug. 2, 2018).

MVP moves to exclude evidence of paired sales involving conditions other than pipelines, such as high voltage transmission lines or railroads. Paired sales of properties with and without a pipeline easement may be more persuasive than other types of paired sales, but courts have held that this type of challenge goes to the weight of the evidence, not its admissibility. *See Atlantic Coast Pipeline, LLC v. 0.07 Acre, More or Less, in Nelson Cnty., Va.*, --- F. Supp. 3d ----, 2019 WL 2527571, at *15 (W.D. Va. June 19, 2019) ("To the extent ACP is challenging whether the property sales are truly comparable, doing so is insufficient to state a

5

true *Daubert* challenge.") (citing *Columbia Gas Transmission, LLC v. 76 Acres, More or Less, in Baltimore & Hartford Cntys., Md.*, 701 F. App'x 221, 229–30 (4th Cir. 2017) (unpublished); *E. Tenn. Nat. Gas Co. v. 7.74 Acres in Wythe Cnty., Va.*, 228 F. App'x 323 (4th Cir. 2007) (unpublished)); *Sabal Trail Transmission LLC v. +/- 1.823 Acres of Land in Hamilton Cnty., Fla.*, No. 3:16-cv-267-J-32MCR, 2018 WL 2426364, at *3 (M.D. Fla. May 30, 2018) ("[T]he degree of comparability of sales goes to the weight of the evidence, not its admissibility."). When asked at oral argument, counsel for MVP was not entirely clear on whether this motion presented a *Daubert* challenge, but MVP's motion cites Rule 702 of the Federal Rules of Evidence, and the paired sales analysis is contained in Noble's expert report. The court finds that Noble's paired sales analysis should not be excluded. *See Sabal Trail*, 2018 WL 2426364, at *3 ("The court does not find the level of comparability of the paired sales (or alleged lack thereof) to be a basis for excluding Ray's opinion. When the sales of other properties are used as the basis for an expert's testimony, the requirement of showing similarity between the properties is less rigorous than when non-expert evidence of property sales is offered as substantive proof of value.") (citing *United States v. 0.161 Acres of Land*, 837 F.2d 1036, 1040 (11th Cir. 1988)).

MVP's motion to exclude evidence of paired sales involving conditions other than a gas pipeline is DENIED.

## II. CONCLUSION

For the reasons discussed herein:

1. MVP's Second Motion in Limine (Dkt. No. 44) is GRANTED IN PART and DENIED IN PART; and

2. Landowners' Motion to "Open and Close" and to Sit at Counsel Table Closest to the Jury (Dkt. No. 48) is DENIED AS MOOT.

Entered: August 23, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge